**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LUIS AUGUSTO BLANCA
5615 Fox Chase Drive
South Ogden, Utah 84403;

AUGUSTO LUIS BLANCA GIL
Calle G 573 E/23 Y 25
Apt. 11 Ciudad De La Habana
10400 Habana, Cuba;

and

ROSA MARIA RODRIGUEZ GARRIDO
5615 Fox Chase Drive
South Ogden, Utah 84403

Plaintiffs,

v.

U.S. DEPARTMENT OF STATE
2201 C Street NW
Washington, DC 20520;

REX W. TILLERSON, Secretary of State
2201 C Street NW
Washington, DC 20520;

DAVID T. DONAHUE,
Assistant Secretary for Consular Affairs,
U.S. Department of State
2201 C Street NW
Washington, DC 20520;

EDWARD RAMOTOWSKI,
Deputy Assistant Secretary for Visa Services,
U.S. Department of State
2201 C Street NW
Washington, DC 20520;

Hon.

Case No. 1:17-cv-408

U.S. EMBASSY in CUBA )
U.S. Embassy Havana )
Calzada between L&M, Vedado )
Havana, Cuba; )
)
JEFFREY DELAURENTIS, Ambassador, )
U.S. Embassy Havana )
Calzada between L&M, Vedado )
Havana, Cuba; )
)
JOHN F. KELLY )
Secretary, U.S. Department of Homeland Security )
Washington, D.C. 20528; )
)
and )
)
LORI SCIALABBA, Director, )
United States Citizenship & Immigration Services )
Department of Homeland Security )
Mail Stop 3650 )
Washington, D.C. 20528, )
)
Defendants )
_______________________________________________)

**PLAINTIFFS' COMPLAINT FOR ISSUANCE OF WRIT OF MANDAMUS**

**INTRODUCTION**

1. This is an action to compel the Defendants and those acting under them to immediately and forthwith take all appropriate action to issue a decision on the Immigrant Visa application of the Plaintiff Augusto Luis Blanca Gil ("Mr. Blanca Gil"), a citizen of Cuba.

2. Mr. Blanca Gil's U.S. citizen son, the Plaintiff Luis Augusto Blanca ("Mr. Blanca"), first filed a Petition for Alien Relative (Form I-130) for his father (Mr. Blanca Gil) and mother (Plaintiff Rosa Maria Rodriguez Garrido, ("Ms. Rodriguez Garrido")) with U.S. Citizenship and Immigration Services ("USCIS") in May 2013, which USCIS approved in April 2014 and

thereafter forwarded to the U.S. Embassy in Havana, Cuba.[1] Mr. Blanca Gil and Ms. Rodriguez Garrido appeared for their Immigrant Visa interviews in Havana, Cuba in January, 2015. Following the interview, Ms. Rodriguez Garrido was issued a visa, but Mr. Blanca Gil was not. Instead, Mr. Blanca Gil was informed that his case remained "pending" based on ongoing "administrative processing." *See* Ex. A (correspondence between Plaintiffs and the Department of State). Mr. Blanca also made attempts to contact the Department of State through his Congressional representative, and was likewise repeatedly told that his father's visa application was still "pending" subject to "administrative processing" and that it was impossible to predict when such "processing" would end. *See* Ex. A. Despite the numerous inquiries by Plaintiffs over the many months since Mr. Blanca Gil was interviewed, the U.S. Embassy in Havana, Cuba refused to issue a decision on Mr. Blanca Gil's Immigrant Visa application.

3. The Plaintiffs are entitled to an immediate decision on Mr. Blanca Gil's Immigrant Visa application. *See* 22 C.F.R. § 42.81(a) ("Issuance or refusal *mandatory*. When a visa application has been properly completed and executed before a consular officer in accordance with the provisions of INA and the implementing regulations, the consular officer *must either issue or refuse the visa* . . . .") (emphasis added); *Patel v. Reno*, 134 F.3d 929, 932 (9th Cir. 1997) ("A consular office is required by law to act on visa applications."). The Immigrant Visa application remains within the jurisdiction of the Defendants, who have improperly withheld action on it, to the detriment of the rights and privileges of the Plaintiffs.

4. Mr. Blanca Gil is 72 years old, with no criminal history. He is an internationally

---

[1] From 1977 through July 20, 2015, the United States Interests Section in Havana, Cuba, acting under the auspices of the Swiss Embassy, was responsible for the issuance of family-based Immigrant Visas to relatives of U.S. citizens and Lawful Permanent Residents. For simplification purposes, the Complaint will refer to the "U.S. Embassy in Havana, Cuba" with respect to events both predating and postdating July 20, 2015.

recognized folk musician who has been awarded some of Cuba's highest musical honors.[2] He longs to immigrate to the United States to live with his U.S. citizen son, Lawful Permanent Resident wife, and U.S. citizen grandchildren. In trying to bring Mr. Blanca Gil to the United States Plaintiffs have followed the rules set forth by USCIS and the Department of State. Despite Plaintiffs' best efforts and respect for the law, it has now been four years and three months since Mr. Blanca first petitioned for his father. This suit seeks to address this situation, *not* by demanding that the Consulate issue a visa to Mr. Blanca Gil, but by demanding that the Consulate issue a decision.

## I. JURISDICTION

5. This is a civil action brought pursuant to 8 U.S.C. § 1329 (jurisdiction of the district courts), 28 U.S.C. § 1331 (federal question jurisdiction) and § 1361 (action to compel an officer of the United States to perform his duty) to compel the Defendants to perform a duty that the Defendants owe to the Plaintiffs. Jurisdiction is also conferred by 5 U.S.C. § 555(b) and § 704, the Administrative Procedure Act ("APA").

6. Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Because the Plaintiffs are challenging the Consulate's authority to refuse to adjudicate Mr. Blanca Gil's Immigrant Visa application, and are not challenging a decision within the discretion of the Consulate, mandamus jurisdiction exists. *See Nine Iraqi Allies Under Serious Threat Because of Their Faithful Service to the U.S. v. Kerry*, -- F. Supp. 3d --, 2016 WL 927142, at *23-24 (D.D.C Mar. 7, 2016) (hereinafter, "*Iraqi Allies*") (finding mandamus jurisdiction where consulate failed to adjudicate Plaintiffs' visa

---

[2] A partial biography of Mr. Blanca Gil is attached at Exhibit B.

applications in a reasonable time). *See also Rivas v. Napolitano*, 714 F.3d 1108, 1110 (9th Cir. 2013) (mandamus jurisdiction exists "'when [the] suit challenges the authority of the consul to take or fail to take an action as opposed to a decision within the consul's discretion'") (*quoting Patel*, 134 F.3d at 931-32); *Schutz v. Sec'y, Dep't. of State*, 2012 WL 275521, at *2 (M.D. Fla. Jan. 31, 2012) (finding mandamus jurisdiction where "no consular official has yet decided whether or not to issue the visa"); *Raduga USA Corp. v. U. S. Dep't. of State*, 440 F. Supp. 2d 1140, 1149 (S.D. Cal. 2005) (finding mandamus jurisdiction where "Plaintiffs simply seek to compel the consul to render a final decision on Plaintiffs' [] visa applications which is mandated under [8 C.F.R.] § 42.81(a)").

7. The APA requires the Consulate to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." The Consulate is subject to 5 U.S.C. § 555(b). *See Iraqi Allies*, -- F. Supp. 3d --, 2016 WL 927142, at *20-23. *See also Rivas*, 714 F.3d at 1111 (APA jurisdiction exists where Consulate failed to adhere to "mandatory language used in the regulation[s]"); *Raduga USA*, 440 F. Supp. 2d at 1146 ("Plaintiffs seek only to compel the consul to make a decision on their visa applications, which the consul is required to make in the first place pursuant to 22 C.F.R. § 42.81(a). Accordingly, the Court finds that Plaintiffs have sufficiently demonstrated Article III standing to bring this APA mandamus action.") (internal citation omitted). As set forth below, the delay in processing Mr. Blanca Gil's Immigrant Visa application is unreasonable.

8. The Code of Federal Regulations is unambiguous that the Consulate has a mandatory and affirmative duty to adjudicate a properly filed Immigrant Visa application where the underlying

I-130 petition has been approved by USCIS and forwarded to the appropriate overseas consulate. 22 C.F.R. 42.81(a).

## II. PARTIES

9. The Plaintiff, LUIS AUGUSTO BLANCA is a United States citizen and the Petitioner for an I-130 Petition for Alien Relative filed on behalf of his father.

10. The Plaintiff, AUGUSTO LUIS BLANCA GIL, a native and citizen of Cuba, is the Beneficiary of an approved I-130 Petition for Alien Relative filed by his U.S. citizen son, Mr. Blanca, and is an applicant for an Immigrant Visa currently pending at the U.S. Embassy – Havana, Cuba.

11. The Plaintiff, ROSA MARIA RODRIGUEZ GARRIDO, is a Lawful Permanent Resident of the United States and the wife of the Plaintiff Mr. Blanca Gil.

12. The Defendant UNITED STATES DEPARTMENT OF STATE is an agency of the United States government involved in the acts challenged, and employs the officers named as Defendants in this Complaint.

13. The Defendant, REX W. TILLERSON, is the Secretary of State of the United States. This suit is brought against Secretary TILLERSON in his official capacity, as he is charged with the administration and the enforcement of immigration and nationality laws relating to the powers, duties and functions of diplomatic and consular officers of the United States.

14. The Defendant DAVID T. DONAHUE is Assistant Secretary for Consular Affairs at the U.S. Department of State. This suit is brought against Assistant Secretary DONAHUE in his official capacity, as he is charged with oversight of all consular – including immigrant visa – matters.

15. The Defendant EDWARD RAMOTOWSKI is Deputy Assistant Secretary for Visa

Services at the U.S. Department of State. This suit is brought against Deputy Assistant Secretary RAMOTOWSKI in his official capacity, as he is charged with all matters relating to visas and the administration of visa- related laws.

16. The Defendant UNITED STATES EMBASSY IN CUBA is a mission within the Defendant Department of State and is involved in the acts challenged in this action. The United States Embassy in Cuba is responsible for processing Mr. Blanca Gil's Immigrant Visa application.

17. The Defendant JEFFREY DELAURENTIS is the Ambassador of the United States Embassy in Cuba. This suit is brought against Ambassador DELAURENTIS in his official capacity, as the Ambassador is responsible for the operation of the U.S. Embassy in Cuba, including the consular section.

18. Defendant JOHN F. KELLY is the Secretary of the Department of Homeland Security. This suit is brought against Secretary KELLY in his official capacity, as he is charged with the administration and enforcement of all immigration and citizenship laws that are bound in the powers, duties and functions of the Department of Homeland Security.

19. Defendant LORI SCIALABBA is the Director of the United States Citizenship and Immigration Services. This suit is brought against Director SCIALABBA in her official capacity, as she is charged with the oversight, administration and execution of immigration laws of the United States.

## III. EXHAUSTION OF REMEDIES

20. There are no administrative remedies for neglect of duty. Plaintiffs have made numerous inquires to the Department of State concerning the status of Mr. Blanca Gil's case, to no avail. *See* Ex. A.

## IV. FACTS

21. Sometime in May 2013, Mr. Blanca, a U.S. citizen, filed a Form I-130 Petition for Alien Relative (the "Petition") on behalf of his father Mr. Blanca Gil, pursuant to INA § 201(b). The Petition was approved by USCIS in or about April 2014 and forwarded to the U.S. Embassy in Havana, Cuba for further processing. In or around January 2015, Mr. Blanca Gil, who is a citizen of Cuba, appeared at the U.S. Embassy in Havana for his Immigrant Visa interview.

22. In the succeeding months (and years) following Mr. Blanca Gil's interview, Plaintiffs repeatedly inquired into the status of his Immigrant Visa application, only to be told that Mr. Blanca Gil's case was "pending" based on ongoing "administrative processing." *See* Ex. A.

23. Mr. Blanca Gil's Immigrant Visa application has been pending at the Consulate since on or before January 2015, when he appeared for his Immigrant Visa interview. It has been four years and three months since Mr. Blanca first filed the Petition for his father. The Consulate's delay in issuing a final decision is unacceptable and unreasonable. *See* 22 C.F.R. § 42.81(a).

24. The issuance or denial of visas is the responsibility of consular officers under the INA. *See* INA §§ 101(a)(9), (16); 22 C.F.R. § 42.81(a). *See also Saavedra Bruno v. Albright*, 197 F.3d 1153, 1156 (D.C. Cir. 1999) ("The INA confers upon consular officers exclusive authority to review applications for visas, precluding even the Secretary of State from controlling their determinations.").

25. Where a plaintiff challenges the authority of consular officers to either take or fail to take an action, "'as opposed to a decision taken within the consul's discretion,'" jurisdiction exists. *See Rivas*, 714 F.3d at 1110 *(quoting Patel*, 134 F.3d at 931-32). *See also Iraqi Allies*, -- F. Supp. 3d --, 2016 WL 927142, at *18 (finding mandamus jurisdiction where visa issuance delayed due to "administrative processing"; jurisdiction fails only when "a consular officer has

made a *decision* with respect to a particular visa application") (emphasis in original); *Assad v. Holder*, 2013 WL 5935631, at *3 (D.N.J. Nov. 1, 2013) (finding mandamus jurisdiction over pending spousal Immigrant Visa petition subject to "administrative processing" where the "consular officer has a nondiscretionary duty to act and refuses to do so"); *Schutz,* 2012 WL 275521, at *1-*3 (finding mandamus jurisdiction over pending daughter-parent Immigrant Visa petition subject to "administrative processing" where "no consular official has yet decided whether or not to issue the visa"); *Raduga USA Corp*, 440 F. Supp. 2d at 1149 (finding mandamus jurisdiction where "Plaintiffs simply seek to compel the consul to render a final decision on Plaintiffs' [] visa applications which is mandated under [8 C.F.R.] § 42.81(a)").

26. The Plaintiffs are not asking the Court to review the Consulate's decision to approve or deny a visa request. Rather, in this case the Consulate has failed to render *any* decision, despite the years that have passed since Mr. Blanca's first petition, and the Plaintiffs seek only to compel the Consulate to make a decision "which the consul is required to make in the first place pursuant to 22 C.F.R. § 42.81(a)." *See Raduga USA*, 440 F. Supp. 2d at 1146. *See also Iraqi Allies*, -- F. Supp. 3d --, 2016 WL 927142, at *18 (denying motion to dismiss and finding mandamus jurisdiction; "[w]hen the Government simply declines to provide a decision in the manner provided by Congress, it is not exercising its prerogative to grant or deny applications but failing to act at all")*; Assad*, 2013 WL 5935631, at *3-*4 (denying motion to dismiss and finding mandatory duty to act on Immigrant Visa application where Consulate failed to make a decision pursuant to 22 C.F.R. § 42.81(a)); *Schutz,* 2012 WL 275521, at *1-*3 (same).

## V. CLAIMS FOR RELIEF

27. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Fornaro v. James*, 416 F.3d 63, 69 (D.C. Cir. 2005). The Plaintiffs clearly meet all three of these criteria. *See Raduga USA*, 440 F. Supp. 2d at 1149 ("Plaintiffs' claim here is clear and certain, and the consul's nondiscretionary, ministerial duty is plainly prescribed. Furthermore, Plaintiffs have no other means to compel the United States consul to make a decision.").

28. The Defendants, who have a clear duty to act upon Mr. Blanca Gil's Immigrant Visa application arising from the INA and applicable federal regulations, have willfully and unreasonably failed to adjudicate Mr. Blanca Gil's Immigrant Visa application, thereby depriving the Plaintiffs of their right to have a properly filed visa application decided in a timely manner. *See* INA §§ 101(a)(9), (16); 22 C.F.R. § 42.81(a).

29. The Plaintiffs have fully complied with all statutory and regulatory requirements for seeking an Immigrant Visa for Mr. Blanca Gil, including obtaining approval of an I-130 Petition for Alien Relative and submitting all necessary documentation and paying all required fees.

30. Adjudication of Mr. Blanca Gil's Immigrant Visa application is a nondiscretionary act that the Defendants are obligated to perform in a timely manner, the Plaintiffs have no alternative means to obtain adjudication of the visa, and their right to issuance of the writ is indisputable. *See Patel*, 134 F.3d at 933 ("[W]e find that the consulate had a duty to act and that to date . . . the consulate has failed to act in accordance with that duty and the writ [of mandamus] should issue.").

31. Mandamus is also appropriate because the Defendants have failed to act within a reasonable period of time. Plaintiffs have waited over two years since Mr. Blanca Gil's interview, and over four years since the filing of Mr. Blanca's first petition, for Mr. Blanca Gil's Immigrant Visa application to be adjudicated, without adequate explanation from the Consulate for the delay, which is inherently unreasonable. *See Assad*, 2013 WL 5935631, at *3-*4 (denying government motion to dismiss over consulate's failure to make decision on spousal Immigrant Visa petition pending for nineteen months since immigrant visa interview); *Schutz*, 2012 WL 275521, at *1-*3 (denying government motion to dismiss over consulate's failure to make decision on daughter-parent Immigrant Visa petition pending for eight months since immigrant visa interview).

32. Indeed, the Department of State's own website indicates that "[m]ost administrative processing is resolved within 60 days of the visa application." *See* Ex. C. *See also* U.S. Department of State Consular Electronic Application Center case status report, Ex. D ("Your visa case is currently undergoing necessary administrative processing. This processing can take several weeks."); Havana, Cuba – Embassy of the United States Website, "The Interview" , Ex. E ("[A]dditional administrative processing can take several weeks or up to a year or more to complete."). Mr. Blanca's wait of over two years since the interview, in comparison, is by any measure unreasonable.

33. In sum, Mr. Blanca Gil's Immigrant Visa application has been pending for more than two years since the time of his interview, and over four years since Mr. Blanca first filed the Petition. The Plaintiffs' claims are clear and certain, and the Consulate's nondiscretionary, ministerial duty is plainly prescribed. In addition, the Plaintiffs have no other means to compel the Defendants to issue a decision on the pending Immigrant Visa application. This Court should

therefore issue a writ of mandamus directing the Consulate to render a decision either granting or denying Mr. Blanca Gil's Immigrant Visa application pursuant to 22 C.F.R. § 42.81(a).

34. Accordingly, Defendants' failure to act on the Petition constitutes agency action unlawfully withheld or unreasonably delayed, in violation of the Administrative Procedure Act, 5 U.S.C. § 706(1).

35. Further, as demonstrated, Defendants' failure to act on the Petition is arbitrary, capricious, or otherwise not in accordance with law and has violated the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

36. The Defendants' delay is without justification and has forced the Plaintiffs to resort to this Court for relief, and the Plaintiffs are entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray that this Court:

A. Compel the Defendants and those acting under them to perform their duty to adjudicate the Immigrant Visa application of Augusto Luis Blanca Gil without further delay;

B. Grant Plaintiffs their reasonable attorney's fees and costs of court under the EAJA; and

C. Grant such other and further relief as this Court deems proper.

Respectfully submitted,

/s/ Alexander J.E. English
GreenSpring Legal, LLC
DC Bar # 455266
1509 Rainbow Dr., Ste. 101
Silver Spring, MD 20905
*Phone*: 301.466.4024
*Fax*: 410.928.4952
aenglish@greenspringlegal.com

*Attorney for Plaintiffs*

Dated: March 7, 2017